UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID SHEPHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1563 CAS |
| | ) |
| ROBERT A. BREEZA, | ) |
| | ) |
| Defendant. | ) |

## ORDER CONCERNING JURISDICTION

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiff. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936).

In this case, plaintiff's complaint asserts that federal jurisdiction exists based on diversity of citizenship. Complaint at 1, ¶ 3. Complete diversity of citizenship between plaintiffs and defendants is required by 28 U.S.C. § 1332. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). It is well established that allegations concerning the parties' residency do not satisfy requirements for federal diversity jurisdiction. Reece v. Bank of New York Mellon, 760 F.3d 771, 777-78 (8th Cir. 2014); Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases). "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. See, e.g., Black's Law Dictionary 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); New Oxford American Dictionary 1485 (3d ed. 2010) (defining 'resident' as 'a person who lives somewhere permanently *or on a long-term basis*' (emphasis added))." Reece, 760 F.3d 778.

Plaintiff's complaint alleges plaintiff is a "resident of the County of St. Louis, State of Missouri," and defendant is a "resident of the County of Nelson, State of Kentucky." Complaint at 1, ¶¶ 1, 2. Plaintiff's complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity of citizenship. Plaintiff will be required to amend his complaint to correct this defect, and will be granted five (5) days to file an amended complaint that alleges facts showing complete diversity of citizenship between the parties. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **October 19, 2015**, plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of October, 2015.