**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID SHEPHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1563 CAS |
| | ) |
| ROBERT A. BREEZA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on defendant Robert Bereza's[1] Amended Motion to Set Aside Clerk's Default. Defendant Bereza previously filed a Motion to Set Aside Clerk's Default, to which no response was filed within the time allowed by this Court's Local Rules and the Federal Rules of Civil Procedure. The Amended Motion states in part that plaintiff's counsel "did not consent to the Clerk's Default being set aside, [but] had no objection to the Court setting aside the Clerk's Default." Amended Mot. at 2, ¶ 5. For the following reasons, the Amended Motion will be denied without prejudice.

**Background**

This action was filed on October 13, 2015 by plaintiff David Shephard against Robert Bereza. Plaintiff filed an Amended Complaint on October 15, 2015 in response to the Court's Order Concerning Jurisdiction. Plaintiff alleges that he sustained permanent physical injuries when

---

[1]This defendant was sued as "Robert A. Breeza" but states his name is actually Robert Bereza. Although the Court will refer to defendant as Bereza in this Memorandum and Order, it is not free to change the caption of the case. Plaintiff may wish to amend his complaint pursuant to Rule 15(a), Fed. R. Civ. P., in order to correctly name the defendant.

defendant negligently rear-ended plaintiff's vehicle on October 22, 2014.  Plaintiff does not allege the city and state in which the accident occurred.  <u>See</u> 28 U.S.C. § 1391(b) (federal venue statute).

Defendant Bereza was personally served with summons and complaint on October 25, 2015, and had twenty-one days to file an answer or otherwise defend, but did not do so.  On November 23, 2015, the Court ordered plaintiff to file a motion for Clerk's entry of default under Rule 55(a), Fed. R. Civ. P., and if appropriate, for default judgment under Rule 55(b).  (Doc. 6.)  On December 8, 2015, a Clerk's Entry of Default pursuant to Rule 55(a), Fed. R. Civ. P., was entered against defendant Bereza and he is in default.  (Doc. 10.)  On December 11, 2015, counsel entered an appearance on behalf of Bereza and on the same date filed a motion to set aside the Clerk's entry of default.  Defendant filed a request for oral argument on his motion and subsequently filed the instant amended motion to set aside the Clerk's entry of default.

**Legal Standard**

An entry of default under Rule 55(a) will not be set aside automatically.  Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause.  The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"  <u>Stephenson v. El-Batrawi</u>, 524 F.3d 907, 912 (8th Cir. 2008) (quoting <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 784 (8th Cir. 1998)).  Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default.  <u>McMillian/McMillian, Inc. v. Monticello Ins. Co.</u>, 116 F.3d 319, 320 (8th Cir. 1997).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." Johnson, 140 F.3d at 784. In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We have rarely, if ever, excused the former." Id. (citing cases). In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id. (citing cases).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (internal quotation marks, punctuation and quoted case omitted). With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (internal quotation marks and quoted case omitted).

The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted).

**Discussion**

Bereza's amended motion asserts that his counsel obtained a copy of the summons and complaint "after business hours" on December 4, 2015 to enter and defend, that counsel was not aware plaintiff's counsel intended to request a default after that date, and counsel did not enter an appearance by that date due to an unspecified clerical error in counsel's office. Because defendant's answer was due November 16, 2015, any error by his counsel in not entering an appearance on December 4, 2015 is not critical to the Court's analysis, as defendant was already technically in default on that date. Defendant's motion does not address the key fact: the reason defendant did not provide the summons and complaint to his counsel until December 4, 2015. Thus, the Court has no factual basis from which to determine if there has been an adequate showing of good cause to set aside the entry of default under Rule 55(c).

Because analysis of the "blameworthiness" of the defaulting party is central to the resolution of a motion to set aside an entry of default, the Court cannot ignore defendant Bereza's failure to explain why he did not provide the complaint to his counsel until December 4, 2015, eighteen days after the deadline for filing his responsive pleading. The Court is mindful that entry of a default judgment should be a "rare judicial act," Comiskey, 989 F.2d at 1009, and notes that defendant asserts he has "meritorious defenses to plaintiff's damage claims" and that plaintiff's counsel has conceded plaintiff will not be prejudiced by the entry of default being set aside. Amended Mot. at 3, ¶¶ 11-12.

As a result, in the exercise of its discretion, the Court will deny without prejudice the instant motion to set aside the Clerk's entry of default and permit defendant to file a renewed motion to set aside the Clerk's entry of default. The renewed motion must address why defendant did not provide

the complaint to his counsel until December 4, 2015, and be accompanied by an affidavit or declaration signed under penalty of perjury by defendant or another appropriate person.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bereza's Amended Motion to Set Aside Clerk's Default is **DENIED** without prejudice. [Doc. 15]

**IT IS FURTHER ORDERED** that defendant's Motion to Set Aside Clerk's Default is **DENIED as moot**. [Doc. 13]

**IT IS FURTHER ORDERED** that defendant's Motion for Hearing is **DENIED**. [Doc. 14]

**IT IS FURTHER ORDERED** that defendant shall file a renewed motion to set aside the Clerk's Entry of Default to explain why defendant did not provide a copy of the complaint to his counsel until December 4, 2015, accompanied by an affidavit or declaration signed under penalty of perjury by defendant or another appropriate person. The renewed motion shall be filed by **December 29, 2015**.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of December, 2015.