**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID SHEPHARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-1563 CAS |
| ROBERT A. BREEZA, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on defendant Robert Bereza's[1] Second Amended Motion to Set Aside Clerk's Default. The motion is accompanied by several affidavits. The Court ordered the response time shortened and plaintiff did not oppose the motion. For the following reasons, the Second Amended Motion will be granted, and the Clerk's Entry of Default previously entered in this matter will be vacated. Plaintiff's motion for default judgment will be denied as moot.

**I. Background**

This action was filed on October 13, 2015 by plaintiff David Shephard against Robert Bereza. Plaintiff filed an Amended Complaint on October 15, 2015 in response to the Court's Order Concerning Jurisdiction. Plaintiff alleges that he sustained permanent physical injuries when defendant negligently rear-ended plaintiff's vehicle on October 22, 2014. Plaintiff does not allege the city and state in which the accident occurred. See 28 U.S.C. § 1391(b) (federal venue statute).

---

[1] This defendant was sued as "Robert A. Breeza" but states his name is actually Robert Bereza.

Defendant Bereza was personally served with a copy of the original complaint on October 25, 2015, and had twenty-one days to file an answer or otherwise defend, but did not do so.[2] On November 23, 2015, the Court ordered plaintiff to file a motion for Clerk's entry of default under Rule 55(a), Fed. R. Civ. P., and if appropriate, for default judgment under Rule 55(b). (Doc. 6.) On December 8, 2015, a Clerk's Entry of Default pursuant to Rule 55(a), Fed. R. Civ. P., was entered against defendant Bereza and he is in default. (Doc. 10.) On December 11, 2015, counsel entered an appearance on behalf of Bereza and moved to set aside the Clerk's entry of default. The Court denied the motion to set aside the entry of default without prejudice.

## II. Legal Standard

An entry of default under Rule 55(a) will not be set aside automatically. Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause. The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

---

[2]In their affidavits, defendant Robert Bereza and his father, Jeffrey Bereza, aver that although Robert Bereza was served with a copy of the complaint, he was not provided a copy of the summons and therefore did not know when the answer was due.

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." Johnson, 140 F.3d at 784. In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We have rarely, if ever, excused the former." Id. (citing cases). In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id. (citing cases).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (internal quotation marks, punctuation and quoted case omitted). With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (internal quotation marks and quoted case omitted).

The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted).

**III. Discussion**

The motion to set aside the Clerk's entry of default is supported by affidavits from defendant Bereza, his father Jeffrey Bereza, Jeffrey Bereza's insurance agent Sabe Oliver, and Andrew Salerno, a Safeco Insurance claims adjuster assigned to this matter. The respective affidavits state that defendant Bereza was served with the complaint on October 25, 2015 and immediately gave the complaint to his father, Jeffrey Bereza; the next day, Jeffrey Bereza took a copy of the complaint to his insurance agent, Mr. Oliver; Mr. Oliver confirms receiving the complaint from Jeffrey Bereza and believes he contacted a Safeco representative the same day or shortly thereafter to advise that defendant Bereza had been served with the complaint on October 25, 2016.

Mr. Salerno's affidavit states that he searched Safeco's records for any receipt of notice that Robert Bereza had been served in this matter, and found only a December 2, 2015 letter from plaintiff's counsel Mr. Kolker that enclosed a copy of the complaint and proof of service. On December 4, 2015, Mr. Salerno forwarded a copy of the letter and its enclosures to defendant's counsel, Mr. Rouse. On December 8, 2015, the Clerk's entry of default was entered in this matter. On December 11, 2015, plaintiff filed a motion for default judgment, and the same day counsel entered an appearance for defendant Bereza and filed a motion to set aside the Clerk's entry of default.

The Court finds that defendant Bereza has made a sufficient showing of good cause to set aside the entry of default under Rule 55(c). Most significantly, defendant Bereza and his father took immediate action by providing the complaint to their insurance agent the day after defendant was served. While the insurance agent believes he promptly reported the claim to the insurance company, Safeco's adjuster has no record of a claim being made concerning this matter until Safeco was contacted by plaintiff's counsel several weeks after the date of service. While not explained

4

by the affidavits, the Court finds there was necessarily a communication or record-keeping breakdown that occurred after defendant provided the complaint to his insurance agent.

Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of much more neglectful conduct than exists in this case. See, e.g., Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson, 140 F.3d at 784-85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline).

In addition, this case involves a relatively marginal failure to meet pleading deadlines, and defendant asserts that he has meritorious defenses to plaintiff's damages claims as he disputes the causation and nature and extent of plaintiff's claimed injuries. The Second Amended Motion asserts that plaintiff's counsel acknowledged plaintiff will not suffer any prejudice if the entry of default is set aside. In the absence of any contradiction from plaintiff, and considering the circumstances of this matter, the Court finds that plaintiff will not be prejudiced if the entry of default is set aside.

**IV. Conclusion**

For the foregoing reasons, the Court finds defendant has shown good cause under Rule 55(c), Fed. R. Civ. P., for setting aside the Clerk's entry of default in this matter. Defendant's Second Amended Motion to Set Aside Clerk's Default will therefore be granted, and plaintiff's motion for default judgment will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Second Amended Motion to Set Aside Clerk's Default is **GRANTED**.  [Doc. 17]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Default Judgment is **DENIED as moot**.  [Doc. 11]

**IT IS FURTHER ORDERED** that defendant shall file his answer or other response to the complaint by **January 12, 2016**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of January, 2016.